United States District Court
District of Massachusetts

|  |  |
|---|---|
| VAN WAGNER COMMUNICATIONS, LLC, ) <br> VAN WAGNER BOSTON, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MASSACHUSETTS DEPARTMENT OF ) <br> TRANSPORTATION, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 13-11028-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiffs Van Wagner Communications, LLC and Van Wagner Boston, LLC (collectively "Van Wagner") seek to invalidate outdoor advertising regulations ("the New Regulations") that the Massachusetts Department of Transportation ("MassDOT") issued in 2012. See 700 CMR § 3.00 et. seq. Plaintiffs contend that MassDOT lacked the statutory authority to enact such regulations. They also maintain that the New Regulations are facially invalid because they constitute a prior restraint on speech in violation of the First Amendment.

In a Memorandum and Order issued in July, 2013 (Docket No. 44), the Court allowed defendants' motion to dismiss for lack of jurisdiction and denied plaintiffs' motion for a preliminary injunction. Pending before the Court is plaintiffs' motion for

-1-

a preliminary injunction pending appeal (Docket No. 47). For the reasons that follow, that motion will be denied.

## I.   Background

The facts of this case are summarized in the Court's July 10, 2013 Memorandum and Order (Docket No. 44) and require no further elaboration here.

## II.   Legal Standard

As the moving party, plaintiffs bear the burden of demonstrating that they are entitled to injunctive relief pending appeal. Respect Maine PAC v. McKee, 622 F.3d 13, 15 (1st Cir. 2010). The First Circuit Court of Appeals has directed district courts to consider the following four factors when assessing whether a movant is entitled to such an injunction:

> (1) whether the applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether [irreparable injury will be likely absent an injunction]; (3) whether issuance of relief will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. (citing Nken v. Holder, 556 U.S. 418, 433-35 (2009)). The first two factors are the "most critical." Id. To prevail, a plaintiff must demonstrate "more than [a] mere possibility" of succeeding on the merits and suffering irreparable harm if an injunction does not issue. Id.

## III. **Application**

Plaintiffs have not carried their burden of demonstrating that they are entitled to injunctive relief pending appeal.

First, plaintiffs have failed to show a strong likelihood that they will prevail on the merits.  This Court has already determined that plaintiffs lack standing to raise a facial challenge to the new regulations on the grounds that those regulations violate the First Amendment.  Plaintiffs raise no new arguments in the instant motion or their supporting memorandum that would require a different outcome.

Second, plaintiffs have not demonstrated that they are likely to suffer irreparable harm if an injunction does not issue before the First Circuit Court of Appeals hears their appeal.  Their argument that being deprived of First Amendment rights for any period constitutes an irreparable injury as a matter of law is unavailing.  The First Circuit recently rejected that very argument and stated that plaintiffs must show an "immediate injury that requires issuance of an emergency injunction" pending appeal. Respect Maine PAC, 622 F.3d at 15.  The Court will do the same here.

Third, neither party has convinced this Court that the balance of hardships or the public interest weighs in its favor.  The injunction that plaintiffs seek would

> enjoin[] the Director of the Office of Outdoor Advertising from denying any sign permit application, or from revoking or refusing to renew any sign permit, under 700 C.M.R. § 3.00 except for the non-compliance of the sign . . . with the criteria set forth in the [1971 Federal Highway Beautification Act].

Plaintiffs suggest that an injunction would not jeopardize any <u>legitimate</u> interest of the defendants and would further the public interest because M.G.L. c. 6C, § 3, only authorizes MassDOT to regulate signs to the extent necessary to comply with the 1971 Federal Highway Beautification Act.  Defendants respond that such an injunction would prevent MassDOT from pursuing legitimate government interests (e.g., traffic safety and aesthetics) by foreclosing MassDOT from regulating signs that are not within the vicinity of a federal highway.  At this stage of the litigation, the Court is unable to determine, based on the limited evidentiary record, whether an injunction would actually constrain the Commonwealth's traditional power to regulate public safety and aesthetics.

In sum, plaintiffs have not carried their burden of demonstrating that they are entitled to a preliminary injunction pending appeal and their motion will therefore be denied.

## ORDER

In accordance with the foregoing, plaintiffs' motion for a preliminary injunction pending appeal is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 6, 2013