UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OA VW, LLC, and OUTFRONT MEDIA BOSTON LLC, <br><br>            Plaintiffs, <br><br> v. <br><br> MASSACHUSETTS DEPARTMENT OF TRANSPORTATION; MASSACHUSETTS OFFICE OF OUTDOOR ADVERTISING; RICHARD A. DAVEY, in his official capacity as Secretary of Transportation and Chief Executive Officer; and EDWARD J. FARLEY in his official capacity as Director of the Office of Outdoor Advertising, <br><br>            Defendants. | CIVIL ACTION <br> NO. 1:13-cv-11028-NMG |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO VACATE JANUARY 6, 2015, MEMORANDUM AND ORDER**

Defendants (collectively, "the Commonwealth") respectfully move to vacate this Court's January 6, 2015, Memorandum and Order (Document 68) ("certification order"), which certified plaintiffs' principal state-law claim to the Massachusetts Supreme Judicial Court. While the certified question was pending, plaintiffs unilaterally filed a notice of voluntary dismissal with this Court, dismissing the complaint in its entirety. The Commonwealth had no involvement in plaintiffs' decision to dismiss the complaint. In these circumstances, the appropriate course of action is for the Court to vacate the certification order because, without such relief, the Commonwealth will be deprived of its appeal rights due to mooting events over which it had no control. For these reasons and those below, the Commonwealth respectfully requests that the Court grant this motion and vacate the certification order in the interests of justice.

**BACKGROUND**

On January 29, 2015, the Commonwealth filed an interlocutory appeal of the certification order. *See* Document No. 71. On February 13 plaintiffs filed a lengthy motion to dismiss the appeal, claiming that it was premature. *See* Pls.' Mot. to Dismiss Case (1st Cir. No. 15-1158; Feb. 13, 2015). The Commonwealth opposed the motion, and plaintiffs filed a reply. *See* Defs.' Response to Mot. to Dismiss Case (1st Cir. No. 15-1158; Feb. 26, 2015); Pls.' Reply to Defs.' Response (1st Cir. No. 15-1158; Mar. 9, 2015).

On April 3 the First Circuit granted plaintiffs' motion on grounds that this Court "ha[d] not yet conclusively determine[d] the disputed question of Eleventh Amendment immunity." Judgment (1st Cir. No. 15-1158; Apr. 3, 2015) (quotation marks omitted). The First Circuit then dismissed the appeal "without prejudice to the filing of a new appeal once the district court has rendered a conclusive ruling as to immunity." *Id.*

Meanwhile, the certified question was docketed in the Massachusetts Supreme Judicial Court as case number SJC-11809. *See* SJC Docket No. 11809, located at http://www.ma-appellatecourts.org/search_number.php?dno=sjc+11809&get=Search. Briefing was completed on July 16, and soon thereafter, the Court scheduled the matter for oral argument on September 9. *Id.*

The day before the scheduled oral argument, plaintiffs unilaterally filed a notice of voluntary dismissal with this Court. *See* Document No. 78. On September 9 plaintiffs filed a copy of the notice with the Supreme Judicial Court, whereupon the Court pulled the case from the argument list for that day. *See* SJC Docket No. 11809.

2

## ARGUMENT

The Supreme Court has held that vacatur of a judgment is appropriate where a case becomes moot on appeal "through happenstance" or "from unilateral action of the party who prevailed below." *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25 (1994); *see United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950) ("[t]he established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss"). Thus, if such mooting events occur while a petition for certiorari is pending, the Supreme Court's practice is to summarily grant certiorari, vacate the lower court's decision, and remand with instructions to dismiss. *See* 13A Wright & Miller, *Federal Practice & Procedure* § 3533.10 n.31 (2d ed. 1984 & 2008 supplement) (collecting cases); *see, e.g., Selig v. Pediatric Specialty Care, Inc.*, No. 06-415, 127 S. Ct. 3000 (2007); *Harper ex rel. Harper v. Poway Unified Sch. Dist.*, No. 06-595, 127 S. Ct. 1484 (2007).

Vacatur is considered equitable in these circumstances because it "clears the path for future relitigation" by eliminating a judgment the losing party was prevented from challenging on appellate review. *Munsingwear*, 340 U.S. at 40. Indeed, absent such a rule, "a prevailing party could be placed in a position to eliminate the appellant's right to appeal by deliberately entering into a course of conduct designed to moot the action." 15 *Moore's Federal Practice* § 101.97[2] (3d ed. 2008); *see also* 13A Wright & Miller, *supra* § 3533.10 (2008 supplement) (where appellate review "is thwarted by unilateral action of the party who prevailed," vacatur is proper "because the ordinary right of review built into the judicial system has been cut off"). It is therefore established that where the prevailing party below takes an action that moots the

3

underlying dispute, vacatur of the lower-court judgment is the equitable course of action. *See, e.g.*, *Arizonans for Official English v. Arizona*, 520 U.S. 43, 74-75 (1997) (vacatur proper where plaintiff obtained favorable judgment and then took voluntary action that mooted the dispute); *Motta v. INS*, 61 F.3d 117, 118 (1st Cir. 1995) (vacatur proper where government defendant did not by its own initiative agree to settlement, but only at court's urging); *McMurtry v. Aetna Life Ins. Co.*, 2008 WL 1696944, at *3 (10th Cir. Apr. 11, 2008) (unpublished) (because appellant "had nothing to do" with settlement that caused case to become moot, it "'ought not in fairness be forced to acquiesce' in the [lower] court's judgment") (quoting *Bancorp*, 513 U.S. at 25); *see also* 13A Wright & Miller, *supra* § 3533.10 n.20 (collecting cases).

Although *Bancorp* and *Munsingwear* apply "by [their] terms . . . only to the Supreme Court and to courts of appeals," district courts have "equitable discretion" to vacate their own orders under the rationale of those decisions. *Lycos, Inc. v. Blockbuster, Inc.*, No. 07–11469– MLW, 2010 WL 5437226, at *3 (D. Mass. Dec. 23, 2010); *accord TriQuint Semiconductor, Inc. v. Avago Tech. Ltd.*, No. 09–1531–PHX–JAT, 2012 WL 1768084, at *2 (D. Ariz. May 17, 2012). Whether vacatur is appropriate is inherently an equitable determination, *Lycos*, 2010 WL 5437226, at *3, and the equities strongly favor vacating the certification order in this case. Because the Commonwealth had nothing to do with plaintiffs' decision to dismiss, it "ought not in fairness be forced to acquiesce" to the order, which the Commonwealth never had the chance to appeal. *Bancorp*, 513 U.S. at 25. Vacatur is particularly appropriate here because the Commonwealth, as "a repeat player in the courts," has "an institutional interest in vacating adverse rulings of potential precedential value." *Wal-Mart Stores, Inc. v. Rodriguez*, 322 F.3d 747, 750 (1st Cir. 2003); *see Motta*, 61 F.3d at 118 (vacatur proper where government's primary concern was "with the precedential effect of the decision"). The Commonwealth had a

4

substantial institutional interest in seeking appellate review of the certification order, as it is aware of no other case that has used the certification procedure in the same manner—*i.e.*, to determine the applicability of a possible *ultra vires* exception to Eleventh Amendment immunity. Further, if the order stands, it opens the door for litigants to plead their state-law claims against the Commonwealth as *ultra vires* claims and bring them in federal court as a means to bypass the lower state courts and take a direct route to the Supreme Judicial Court. The order thus implicates principles of comity and federalism because it creates a potential avenue for litigants in cases against the Commonwealth to bypass the state-court rules that normally govern how to seek the Supreme Judicial Court's discretionary review. *See* Mass. R. App. P. 11 & 27.1.

Given these "weighty concerns," it would be "inequitable" to force the Commonwealth to relinquish its interest in removing adverse precedent because of mooting events over which it had no control. *Wal-Mart Stores*, 322 F.3d at 749-50; *see Motta*, 61 F.3d at 119. This is especially true given plaintiffs' zealous, and ultimately successful, efforts to dismiss the Commonwealth's interlocutory appeal. The First Circuit dismissed the interlocutory appeal without prejudice, contemplating that the Commonwealth could file a new appeal once this Court conclusively determined the Eleventh Amendment question. Judgment (1st Cir. No. 15-1158; Apr. 3, 2015). Plaintiffs' voluntary dismissal of the complaint has now deprived the Commonwealth of that opportunity. The Court should therefore vacate the certification order in the interests of justice and fairness. This course of action would free the Commonwealth of any constraints imposed by the order, while preserving its ability "to litigate the issues should they arise again." *Wal-Mart Stores*, 322 F.3d at 749.

Respectfully submitted,

MASSACHUSETTS DEPARTMENT OF
TRANSPORTATION, et al.

By their attorney,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Sookyoung Shin
Sookyoung Shin, BBO No. 643713
Assistant Attorney General
Government Bureau
One Ashburton Place
Boston, MA 02108-1698
(617) 963-2052
September 18, 2015                  sookyoung.shin@state.ma.us

CERTIFICATE OF SERVICE

I hereby certify that the above document will be served on September 18, 2015, by electronic notice for registered counsel and a copy will be served by first-class mail, postage pre-paid, for non-registered counsel.

/s/ Sookyoung Shin
Sookyoung Shin
Assistant Attorney General

September 18, 2015